FILED

2021 Feb-24  PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| OCTAVIOUS BUFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-00706-AKK-SGC |
| | ) | |
| JEFFERSON DUNN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Octavious Buford, an inmate at St. Clair Correctional Facility ("St. Clair") in

Springville, Alabama, filed a six-count complaint pursuant to 42 U.S.C. §§ 1983,

1985(3) and 1986, the Americans with Disabilities Act ("ADA"), and the

Rehabilitation Act of 1973 (the "Rehabilitation Act").  Doc. 1 at 1-2, 13.  Buford

names Cynthia Stewart, Warden of Holman Correctional Facility ("Holman"); Terry

Raybon, Assistant Warden of Holman; and Leon Bolling, Warden of St. Clair as

defendants in their individual capacities.  *Id.* at 2.[1]  Buford also names Jefferson

Dunn, Commissioner of the Alabama Department of Corrections, as a defendant in

---

[1] In the style of his complaint, Buford names Warden Bolling as a defendant in his individual
capacity only.  Doc. 1 at 1.  However, because the "Parties" section of the complaint does not
identify the capacity in which he sues Bolling, *id.* at ) and Buford requests injunctive relief from
Bolling, *id.* at 19, the court will construe the claim against Bolling to be asserted against him in
his individual and official capacities.

his official capacity.  *Id.*.  Buford seeks monetary damages and/or injunctive relief from the defendants.  *Id.* at 18.

Pending before the court is the defendants' motion to sever and transfer to the United States District Court for the Southern District of Alabama all allegations and counts not pertaining to this judicial district.  Doc. 7.   The motion has been fully briefed, docs. 11, 15, and is ripe for review.  For the reasons discussed below, the defendants' motion is due to be granted, and the Holman-based claims asserted against defendants Stewart, Raybon, and Dunn (Counts I through V) are due to be severed from this action and transferred to the Southern District of Alabama.

## I.    Complaint

### A.    Holman-Based Claims Against Defendants Stewart, Raybon, and Dunn[2]

Buford suffers from cardiovascular disease, and his life depends on his ability to take medication for his condition.  Doc. 1 at 5.  Around February 2019, Buford was transferred from the general population at St. Clair to solitary confinement at Holman, where he remained until shortly before his February 2020 transfer back to St. Clair.  *Id.* at 4, 6; Doc. 7 at 5.  For two weeks after his initial placement at Holman, Buford did not receive his heart medication and had no effective means to file a

---

[2] The court considers Dunn among the Holman defendants because the only factual allegations mentioning Dunn pertain to his announcement Holman would close due to lack of access to the facility's utility tunnel, which Buford connects to his claim regarding the inhabitability of his Holman cell.  *See infra.*

medical grievance.  Doc. 1 at 6.  On another occasion, Buford collapsed and remained on the floor of his cell with a serious back injury for 48 hours without medical attention.  *Id*. at 10.

Throughout his solitary confinement at Holman, Buford's cell leaked in rainy weather; had no ventilation or air conditioning; had poor heating; was covered in mold and, often, in raw sewage; and often lacked running water.  *Id*.  Buford suggests one or more of these conditions may have occurred because workers could not access Holman's utility tunnel.  *Id*. at 16.  While subjected to these conditions for 24-hours per day for months on end, Buford was denied the ability to participate in prison programs, attend worship services, or exercise in a meaningful way.  *Id*. at 7-8.

To protest the conditions of his confinement, Buford filed an action against defendants Stewart and Raybon in the Southern District of Alabama.  *Id*. at 8.[3] Buford alleges Raybon "caused corrections officers to perform 'hits' on prisoners, *i.e*., to beat the prisoners unnecessarily while they were restrained." *Id*.  After Buford filed suit in the Southern District of Alabama, corrections officers restrained and beat him in the Holman infirmary on orders of Stewart and Raybon, after which he was transferred back to St. Clair.  *Id*. at 8-9.  Buford alleges the Federal Bureau of

---

[3] The defendants assert Buford's Holman-based claims could be dismissed on *res judicata* grounds because Buford moved for dismissal of the Southern District of Alabama action "without prejudice" but the district court judge "pointedly refused to use that modifier."  Doc. 15 at 1 n.1 (citing *Buford v. ADOC,* Case No. 20-0006 (S.D. Ala. Mar. 12, 2020) at Doc. 9).

Investigation began investigating the beating of another Holman prisoner and Commissioner Dunn announced the Alabama Department of Corrections would close Holman because a utility tunnel was too dangerous for workers. *Id*. at 9.

With respect to his conspiracy and cruel-and-unusual punishment claims filed pursuant to §§ 1983, 1985, and 1986, and his claims of retaliation in violation of the ADA and the Rehabilitation Act (Counts I through V), Buford demands compensatory and punitive damages from defendants Stewart and Raybon in their individual capacities. Doc. 1 at 12-17.[4] Against defendant Dunn in his official capacity, Buford seeks an injunction barring further violation of his rights under the Eighth Amendment and federal laws, including retaliation under the ADA and the Rehabilitation Act. *Id*. at 18-19.

### B.    St. Clair-Based Claim Against Defendant Bolling

Since his transfer back to St. Clair in February 2020, Buford has been housed in solitary confinement. *Id*. at 11. Buford alleges the assignment is not for a penological reason and may be because prison management decided his heart disease made it unsafe for him to be housed in the general population during the COVID-19 pandemic. *Id*. Buford declares his cell lacks running water, as a consequence of

---

[4] Buford also demands injunctive relief in connection with his ADA and Rehabilitation Act claims against defendants Stewart and Raybon. Doc. 1 at 18. The court observes that these defendants are named in their individual capacities only and Buford no longer is incarcerated at Holman. Doc. 1 at 1-2.

which he is unable to bathe, shave, otherwise clean himself, or remain hydrated.  *Id*.
He alleges the lack of water is dangerous due to his heart disease and the medication
he takes for it and increases his risk of contracting COVID-19 because he cannot
clean himself.  *Id*.  He further contends defendant Bolling knows he has heart disease
and cannot withstand another hot summer without running water.  *Id*. at 17.

Buford demands nominal damages from Bolling in his individual capacity for
subjecting him to unconstitutional conditions of confinement.  *Id*. at 18-19.  He also
demands an injunction requiring Bolling to transfer him to another facility, to allow
him to live in general population when that population is COVID-free, and to allow
him to have running water in his cell.  *Id*. at 19.

## II.    Discussion

Rule 20(a)(2) of the Federal Rules of Civil Procedure permits a plaintiff to
join claims against multiple defendants if the claims "aris[e] out of the same
transaction or occurrence, or series of transactions or occurrences" and "any question
of law or fact common to all defendants will arise in the action."  Rule 21 provides
that "the court may at any time, on just terms, add or drop a party" and  "*may also
sever any claim against a party.*"  Fed. R. Civ. P. 21 (emphasis added).  A court has
broad discretion to sever parties and claims under Rule 21, *see Swan v. Ray,* 293
F.3d 1252, 1253 (11th Cir. 2002), and that discretion similarly allows for the
severance and transfer of parties in the interest of justice, *see Chrysler Credit Corp.*

*v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991) ("[W]here certain claims in an action are properly severed under Fed. R. Civ. P. 21, two separate actions result; a district court may transfer one action [pursuant to 28 U.S.C. § 1404(a)] while retaining jurisdiction over the other.").

Buford's Holman-based claims arise out of acts and events that occurred at that facility, which is located in Escambia County in the Southern Division of Alabama. Doc. 1 at 5-11. Buford's St. Clair-based claim arises out of acts which occurred at that facility, located in St. Clair County in this judicial district. *Id*. at 3-5, 11-12. The Holman- and St. Clair-based claims involve unrelated questions of law and fact and are asserted against different defendants. The claims arise out of distinct conditions and separate events that occurred during different time frames, and they would require different witnesses and evidence. Buford does not allege any facts that indicate his Holman-based claims against Stewart, Raybon, and Dunn are "related to" his St. Clair-based claim against Bolling. *See Vickers v. Georgia*, 567 F. App'x 744, 748 (11th Cir. 2014) (holding district court did not abuse its discretion in severing unrelated claims). Therefore, Buford's joinder of the two sets of claims in a single civil action does not satisfy the criteria for joinder under Rule 20(a)(2). Thus, pursuant to Rule 21, Buford's Holman-based claims against Stewart, Raybon, and Dunn (Counts I through V) are due to be severed.

While Rule 21 "permits the Court to sever a claim as to a party and proceed separately with regard to such claims," 28 U.S.C. § 1404(a) "gives the district courts the authority to "transfer any civil action to any other district or division where it might have been brought" for the "convenience of parties and witnesses" or "in the interest of justice." *Bruhl v. Price WaterhouseCoopers Int'l*, 2006 WL 8431803, at *1 (S.D. Fla. Nov. 1, 2006).  The federal venue statute provides in part that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, [or];
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated...

28 U.S.C. § 1391(b)(1) and (2).

It is evident the Southern District of Alabama is the more appropriate venue for the Buford's Holman-based claims against Stewart, Raybon, and Dunn.  In consideration of "the convenience of the parties and witness," the federal venue statute allows this court to transfer a civil action to any other district or division "where it might have been brought."  28 U.S.C. § 1404(a).  Courts have made it clear that "the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial."  *Leroy v. Great Western United Corp.*, 443 U.S. 173, 183-84 (1979) (emphasis in original).  Therefore, "Congress has generally not made the residence of the plaintiff a basis

7

for venue in nondiversity cases." *Id.* Accordingly, the fact that Buford is presently incarcerated in the Northern District of Alabama has little or no bearing on this court's determination.[5]

Moreover, the convenience of the parties and witnesses outweighs any consideration of the fact that a small number of events may have occurred in the Northern District of Alabama. For example, Stewart and Raybon appear to reside near Atmore, Alabama, which is located in the Southern District of Alabama, and Dunn is amenable to litigation of the Holman-based claims in that judicial district. Additionally, there is no indication from a reading of the complaint that any witnesses associated with the Holman-based claims are located in this district. The defendants assert Holman is only partially closed and that "[m]any of the ADOC employees who once worked there now work in other prisons located in the Southern [District of Alabama] like Fountain Correctional Facility and J.O. Davis Correctional Facility." Doc. 15 at 6, n.7.[6] Therefore, even if venue may technically

---

[5] The 1966 amendment to § 1391 added language allowing venue in the district where the events giving rise to the claim occurred. However, courts have not construed that amendment as directed toward the general convenience of the plaintiff. Instead, the amendment "was designed to close the 'venue gaps' that existed under earlier versions of the statute in situations in which joint tortfeasors, or other multiple defendants who contributed to a single injurious act, could not be sued jointly because they resided in different districts." *Leroy*, 443 U.S. at 184, n.17 (citing *Brunette Machine Works v. Kockum Indus.*, 406 U.S. 706, 710 (1972)). Therefore, "it is absolutely clear that Congress did not intend to provide for venue at the residence of the plaintiff . . . ." *Id.* at 185.

[6] The court again observes that Buford filed and voluntarily dismissed a similar case against these defendants in the Southern District of Alabama. *See supra* n.3. Furthermore, Buford is represented by counsel, and therefore, the transfer will not hinder him as it would a *pro se* prisoner plaintiff.

be available to Buford in this judicial district, the convenience of the parties and the interest of justice make it appropriate to transfer this matter to the Southern District of Alabama pursuant to 28 U.S.C. 1404(a).  *See Kapordelis v. Danzig*, 387 F. App'x 905, 907 (11th Cir. 2010) (holding it was appropriate for district court to transfer case to judicial district where most of defendants resided and where court was already familiar with facts underlying claims).

## III.   Conclusion

For the foregoing reasons, the defendants' motion to sever and transfer (Doc. 7) is **GRANTED**.  The Clerk is **DIRECTED** to **SEVER** and **TRANSFER** Counts I through V of the complaint, asserted against defendants Stewart, Raybon, and Dunn, to the United States District Court for the Southern District of Alabama. Buford's remaining claim (Count VI), an Eighth Amendment conditions-of-confinement claim against defendant Bolling filed pursuant to 42 U.S.C. § 1983, is **REFERRED** to the magistrate judge for further proceedings.

**DONE** the 24th day of February, 2021.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE